FILED

November 4 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0210

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 374N

IN THE MATTER OF:

C.A.M.H.,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DN 2007-34A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jim Wheelis, Chief Appellate Defender; Kelli S. Sather, Assistant Appellate
Defender, Helena, Montana

    For Appellee:

        Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

        Scott J. Pederson, Assistant Attorney General, Child Protection Unit,
Billings, Montana

Submitted on Briefs:  October 8, 2009

Decided:  November 3, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 L.H. appeals from an order of the Eighteenth Judicial District Court, Gallatin County, terminating his parental rights to C.A.M.H. We affirm.

¶3 We previously affirmed the district court's orders terminating L.H.'s parental rights to four other children in *In re L.R.H.*, 2009 MT 107N, 213 P.3d 789 (Table), and in *In re C.A.H.*, 2009 MT 232N, WL 20277249 (Table). These cases detail the factual and procedural history relating to the termination of L.H.'s parental rights.

¶4 L.H. continued his fecund ways following these earlier terminations. C.A.M.H. was born in August 2007. All four of C.A.M.H.'s older siblings were in temporary legal custody of the Department of Public Health and Human Services at the time of her birth. C.A.M.H. lived with her mother from the time of her birth. L.H. already had separated from C.A.M.H.'s mother by the time of her birth. C.A.M.H. never lived with L.H. L.H. has had no contact with C.A.M.H. since she was three months old.

¶5 The court adjudicated C.A.M.H. a youth in need of care on February 19, 2008. The court approved a treatment plan for L.H. on March 28, 2008. L.H. failed to complete the plan. The court terminated L.H.'s parental rights on February 2, 2009.

2

¶6     We review for an abuse of discretion a district court's decision to terminate a person's parental rights. *In re A.H.D.*, 2008 MT 57, ¶ 11, 341 Mont. 494, 178 P.3d 131. We review a district court's specific factual findings to determine whether the findings are clearly erroneous. *A.H.D.*, ¶ 12. We review for correctness a district court's conclusions of law. *A.H.D.*, ¶ 12. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact and that the District Court's legal conclusions were correct. We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE